The People of the State of New York, Plaintiff, *v.* Paul Carbonaro, Defendant.

Supreme Court, Special Term, New York County, October 24, 1955.

*Joseph A. Solevei* for defendant.

*Frank S. Hogan, District Attorney (Stephen A. Wise* of counsel), for plaintiff.

Aurelio, J. This is an application for a certificate of reasonable doubt by defendant who was convicted after trial in the Court of Special Sessions of the crime of unlawful entry and sentenced to a term of six months in the workhouse.

A preliminary objection to this application is made by the District Attorney. It is contended that defendant is precluded from making the present motion because he made similar application to the trial court, which was denied (see Code Crim. Pro., § 527).

It appears that after sentence was imposed defendant's attorney made an oral application to the sentencing court for a certificate of reasonable doubt " without prejudice for further renewal if necessary ". There is no authority for making this application without prejudice and, when the court denies the

application outright, defendant is precluded from thereafter renewing it before another court, otherwise a defendant could make such application *ad infinitum*, contrary to the clear intent of section 527 of the Code of Criminal Procedure. Annexing to the application the reservation "without prejudice" is not controlling. What is controlling is whether or not the court considered the application and passed on its merits. In this case, however, the court finally denied the application without prejudice and gave no reason for its decision. One of the sentencing justices had not presided at the trial and this might have been the reason why it was denied without prejudice. If in the interests of justice it is necessary to deny without prejudice an application of this kind, the better practice would be to state the grounds of the denial. The application having been denied without prejudice, its merits will now be considered.

I am satisfied that the evidence together with the surrounding circumstances amply justified defendant's conviction. On the record presented, I conclude there is no reasonable doubt whether the judgment should stand. I do not find any question of law or fact meriting an appellate court's consideration. Accordingly the motion is denied in all respects.